United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Francisco Medina, Jr., §<br>     Petitioner, §<br> §<br>v.    §    Civil Action H-22-0249<br> §<br>Ed Gonzalez, §<br>Sheriff, Harris County, Texas, §<br>     Respondent. § | |

# Report and Recommendation

Francisco Medina, Jr. (SPN #01896934; former TDCJ #01242899) is in custody at the Harris County Jail. He is charged with possession of a controlled substance and theft. Medina is also being held based on a parole warrant. Medina filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure with this court. ECF No. 1. Because Medina is a pretrial detainee, the court construes the application as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Medina has not paid the filing fee or moved to proceed *in forma pauperis* in this habeas proceeding. The court recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

### 1.   Background

Records from the Harris County District Clerk's Office reflect that Medina is in custody on felony charges for possession of a controlled substance (Case No. 169260901010-3) and theft (Case No. 169260801010-3). When Medina committed those offenses, he was on state parole. Although Medina was initially released on a $2,500 bond, he was taken into custody at the Harris County Jail when a parole warrant issued on September 23, 2021. On September 28, 2021, a Harris County grand jury returned a formal indictment against Medina on the pending felony charges.

It appears that the trial court increased the amount of Medina's bond after the parole hold was placed. Medina challenges the legality of the parole

hold because he has not been found guilty of the pending charges. (D.E. 1 at 6-10.) Reasoning that he has not violated the terms and conditions of his parole until he is found guilty, Medina argues that the hold is improper and should be lifted so that he can be released from custody. *Id.* There is no record of Medina challenging the parole hold in his pending criminal cases.

    2.    *Standard of Review*

Because Medina is a pretrial detainee challenging his detention pursuant to a parole hold, his petition is governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citations omitted); *Jones v. Valdez*, 3:11-CV-1218-K (N.D. Tex. Aug. 24, 2011). Section 2241 authorizes a federal writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Medina is in custody for the purposes of § 2241(c). However, Medina has not exhausted state court remedies with respect to his claims.

    3.    *Medina has not Exhausted State Court Remedies*

A Texas prisoner challenging a parole revocation warrant may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure with the judge of the court in which he is charged. *See* Tex. Code Crim. P. Art. 11.07; *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (stating that parole revocation issues are cognizable under Art. 11.07).

Public records reflect that Medina, who is represented by counsel in connection with the felony charges pending against him, has not pursued review of his claims by the trial court or the Texas Court of Criminal Appeals. His request for federal review is premature.

2

This case does not present exceptional circumstances that might allow a federal court to interfere with an ongoing state prosecution. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

The petition should be dismissed without prejudice.

4. *Conclusion*

The court recommends that Medina's petition for writ of habeas corpus be dismissed without prejudice and that a certificate of appealability be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed February 18, 2022, at Houston, Texas.

Peter Bray
United States Magistrate Judge